

FILED

DEC 29 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

JAN - 4 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:07-bk-19183-PC |
| STEVEN J. STANWYCK, | Chapter 7 |
| Debtor. | Adversary No. 2:10-ap-02641-PC |
| STEVEN J. STANWYCK, | **MEMORANDUM DECISION RE: DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |
| Plaintiff, | |
| v. | |
| SCOTT DREXEL, et al., | Date:  November 30, 2010<br>Time:  9:30 a.m.<br>Place:  United States Bankruptcy Court<br>Courtroom # 1539<br>255 East Temple Street<br>Los Angeles, CA 90012 |
| Defendants. | |

Before the court is the motion of Defendants, Scott Drexel, et al., (collectively, the "State Bar Defendants") to dismiss the complaint filed by Plaintiff, Steven J. Stanwyck ("Stanwyck") in the above referenced adversary proceeding. Appearances were stated on the record at the hearing. The court, having considered the State Bar Defendants' motion, Stanwyck's opposition thereto, the State Bar Defendants' reply, and the argument of counsel, grants the relief requested in the motion based upon the following findings of fact and conclusions of law[1] pursuant to

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

    The court does not consider evidence in adjudicating a motion to dismiss under Rule 12(b)(6). Rule 12(b)(6) permits the consideration of matters outside the pleadings only if the motion for dismissal is converted into a motion for summary judgment. See Cunningham v. Rothery (In re Rothery), 143 F.3d 546, 549 (9th Cir. 1998); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Matters outside the pleadings include affidavits and judicial notice of the record or transcripts from prior court proceedings. See Fernandez v. GE Capital Mortgage

1    F.R.Civ.P. 52(a)(1),[2] as incorporated into FRBP 7052.

2                            I. STATEMENT OF FACTS

3         On September 7, 2010, Stanwyck filed his complaint against the State Bar Defendants in

4    this adversary proceeding seeking (1) an injunction and damages for alleged bankruptcy

5    discrimination in violation of 11 U.S.C. § 525(a) ("Claim # 1"); (2) an injunction and damages

6    for alleged violation of the automatic stay under 11 U.S.C. § 362 ("Claim # 2"); and (3) an

7    injunction and damages for alleged violation of California Civil Code § 1428, California

8    Business & Professions Code § 7512, and California Government Code § 815.6 ("Claim #3").

9    On October 12, 2010, the State Bar Defendants filed a motion under F.R.Civ.P. 12(b)(6) ("Rule

10   12(b)(6)") seeking a dismissal of Stanwyck's complaint on the grounds that it failed to state a

11   claim upon which relief could be granted.  The State Bar Defendants argue that dismissal is

12   warranted because:

13        1.    The State Bar Defendants have Eleventh Amendment, statutory and other
                immunities;
14
          2.    The action is barred by the Younger abstention doctrine;
15
          3.    Stanwyck has not alleged any action against the State Bar Defendants that is a
16              "core" matter under 11 U.S.C. § 157(b); and

17        4.    The complaint otherwise fails to state a claim for relief that is plausible on its

18   _____

19   Servs., Inc., 227 B.R. 174, 179-80 (9th Cir. BAP 1998), aff'd, 208 F.3d 220 (9th Cir. 2000).
     "Most federal courts . . . view[] the words 'matters outside the pleading' as including any written
20   or oral evidence introduced in support of or in opposition to the motion challenging the pleading
     that provides some substantiation for and does not merely reiterate what is said in the pleadings."
21   5A Charles Alan Wright & Arthur B. Miller, Fed. Prac. & Proc. Civ.2d § 1366, at 499-500
22   (1990).  Therefore, the court sustains Stanwyck's objection to the State Bar Defendants' request
     for judicial notice.  Likewise, the court declines to consider the Declaration of Steven J.
23   Stanwyck Accompanying Opposition to Motion to Dismiss filed on November 16, 2010.

24   [2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the
     Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse
25   Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).  "Rule"
26   references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable
     certain Federal Rules of Civil Procedure ("F.R.Civ.P.").

27                                    - 2 -

1    face.

2    Motion, 1:5-14.  After a hearing on November 30, 2010, the matter was taken under submission.

3                                    II.  DISCUSSION

4            This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and

5    1334(b).  This matter is a non-core proceeding, except to the extent that the complaint seeks

6    damages under 11 U.S.C. § 362(k) which is a core proceeding under 28 U.S.C. § 157(b)(2)(A),

7    (G) and (O).  Venue is appropriate in this court.  28 U.S.C. § 1409(a).

8    A.  Standard for Dismissal Under Rule 12(b)(6)

9            Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint

10    for failure to state a claim upon which relief can be granted.  F.R.Civ.P. 12(b)(6).[3]  Under Rule

11    8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader

12    is entitled to relief."  F.R.Civ.P. 8(a)(2).[4]  "[T]he pleading standard Rule 8 announces does not

13    require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

14    unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173

15    L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).  "[A]

16    complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

17    plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "[A]

18    complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops

19    short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S.Ct.

20    1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all

21    factual allegations contained in a complaint, a court need not accept plaintiff's legal conclusions

22    as true.  Iqbal, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action,

23    supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at

24

25    ᵍ Rule 12(b)(6) is applicable to adversary proceedings by virtue of FRBP 7012(b).

26    ⁴ Rule 8(a) is applicable to adversary proceedings by virtue of FRBP 7008(a).

27                                        - 3 -

1   555).

2       In sum, <u>Twombly</u> raised the bar for notice pleadings under Rule 8(a) such that a

3   complaint will not survive a motion to dismiss under Rule 12(b) unless "the non-conclusory

4   'factual content,' and reasonable inferences from that content . . . plausibly [suggest] a claim

5   entitling the plaintiff to relief." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009); <u>see</u>

6   <u>Limestone Dev. Corp. v. Vill. of Lemont, Ill.</u>, 520 F.3d 797, 802-03 (7th Cir. 2008) (stating that

7   <u>Twombly</u> "teaches that a defendant should not be forced to undergo costly discovery unless the

8   complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a

9   substantial case").

10  B.   <u>Stanwyck's Complaint Fails to State a Claim for Relief under 11 U.S.C. § 362(k)</u>

11      In Claim # 2 of his complaint, Stanwyck seeks damages from the State Bar Defendants in

12  excess of $5 million under 11 U.S.C. § 362(k) based upon their alleged use of a pending

13  disciplinary proceeding against him to coerce payment of a $16,000 sanction award in violation

14  of 11 U.S.C. § 362(a)(3).  Section 362(a) states, in pertinent part:

15      Except as provided in subsection (b) of this section, a petition filed under section 301,
        302, or 303 of this title, . . . operates as a stay, applicable to all entities, of –

16

17          (1) the commencement or continuation, including the issuance or employment of
            process, of a judicial, administrative, or other action or proceeding <u>against the</u>
            <u>debtor</u> that was or could have been commenced before the commencement of the
18          case under this title, or to recover a claim against the debtor that arose before the
            commencement of the case under this title;

19
            (2) the enforcement, <u>against the debtor or against property of the estate, of a</u>
20          <u>judgment</u> obtained before the commencement of the case under this title; [and]

21          (3) any act to obtain possession of property of the estate or of property from the
            estate or to exercise control over property of the estate; . . . .
22
    11 U.S.C. § 362(a)(1)-(3) (emphasis added).  Section 362(b) provides, in pertinent part, that the
23
    filing of a bankruptcy petition does not operate as a stay –
24

25          (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the
            commencement or continuation of an action or proceeding by a governmental unit . . . to
26          enforce such governmental unit's . . . police and regulatory power, including the
            enforcement of a judgment other than a money judgment, obtained in an action or

27
                                    - 4 -

proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power; . . .

11 U.S.C. § 362(b)(4). "[B]ankruptcy courts have the ultimate authority to determine the scope of the automatic stay imposed by 11 U.S.C. § 362(a), subject to federal appellate review." Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1087 (9th Cir. 2000). Attorney discipline proceedings are excepted from the automatic stay under 11 U.S.C. § 362(b)(4). Wade v. State Bar of Az., 948 F.2d 1122, 1124 (9th Cir. 1991). Because the State Bar proceeding is exempt from the automatic stay under 11 U.S.C. § 362(b)(4) and Stanwyck's complaint does not otherwise contain sufficient factual matter, accepted as true, to state a claim to relief under 11 U.S.C. § 362(k) that is plausible on its face, the court finds that Stanwyck's complaint fails to state a claim under 11 U.S.C. § 362(k) upon which relief can be granted.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." F.R.Civ.P. 15(a)(2).[5] "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991). "[L]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" U.S. v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (citation omitted); Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)). Given the nature of the deficiencies in Stanwyck's Claim # 2, the court finds that Stanwyck's pleading could not possibly be cured by the allegation of other facts. Therefore, the motion is granted as to Stanwyck's Claim # 2. Stanwyck's Claim # 2 is dismissed with prejudice.

C.    Abstention Under the Younger Doctrine is Warranted as to Claims # 1 and 3

To promote comity between the federal court and state court, the federal court must abstain from deciding a case to avoid interference with pending state court proceedings.

_____

[5] Rule 15(a)(2) is applicable to adversary proceedings by virtue of FRBP 7015.

1  Younger v. Harris, 401 U.S. 37, 44-45 (1971). "Originally applicable to state criminal

2  proceedings, the doctrine has been extended to state civil proceedings where important state

3  interests are involved." Woodfeathers, Inc. v. Washington Country, Oregon, 180 F.3d 1017,

4  1020 (9th Cir.1999) (internal citations omitted)

5       The Younger abstention doctrine is applicable in the context of bankruptcy proceedings.

6  See Superior Court v. Heincy (In re Heincy), 858 F.2d 548, 549 (9th Cir. 1988).  Abstention

7  under the doctrine "is required if the state proceedings (1) are ongoing, (2) implicate important

8  state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims."

9  Hirsh v. Justices of Supreme Court of State of Cal., 67 F.3d, 708, 712 (9th Cir. 1995) (citing

10 Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515,

11 2521, 73 L.Ed.2d 116 (1982)).  There is an exception to this rule where "extraordinary

12 circumstances" exist, for example, where the state tribunal is incompetent by reason of bias.  See

13 Hirsh, 67 F.3d at 713.  When the case is one in which the Younger doctrine applies, the case

14 must be dismissed.  See Delta Dental Plan of Cal., Inc. v. Mendoza, 139 F.3d 1289, 1294 (9th

15 Cir.1998).

16      Federal courts have regularly applied Younger abstention to dismiss cases concerning

17 state attorney discipline statutes.  See e.g., Middlesex, 457 U.S. at 432; Hirsch, 67 F.3d at 714.

18 In this case, all of the Younger factors are present as to Stanwyck's Claims # 1 and 3, and

19 Stanwyck has failed to demonstrate that "extraordinary circumstances" exist to preclude the

20 application of Younger.

21      1. State Court Proceedings are Ongoing

22      State proceedings are deemed "ongoing" if the state-court suit was pending at the time of

23 the federal suit's filing. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 801

24 (9th Cir. 2001).  Under California law, attorney disciplinary proceedings in the State Bar Court

25 commence with the filing of a notice of disciplinary charges.  See Cal. State Bar R.P. 50 &

26 101(a).  Because Stanwyck filed this adversary proceeding after the State Bar had filed its notice

27

- 6 -

1    of disciplinary charges against him, the state disciplinary proceedings are ongoing for <u>Younger</u>

2    purposes. These proceedings are also judicial in nature. <u>See</u> <u>Middlesex</u>, 457 U.S. at 433-34;

3    <u>Hirsh</u>, 67 F.3d at 712;

4        2. <u>State Court Proceedings Implicate Important State Interests</u>

5        The Supreme Court has stated that "[t]he State . . . has an extremely important interest in

6    maintaining and assuring the professional conduct of the attorneys it licenses." <u>Middlesex</u>, 457

7    U.S. at 434. California's attorney disciplinary proceedings, including the ongoing state court

8    proceeding against Stanwyck, implicate important state interests. <u>See</u> <u>Hirsh</u>, 67 F.3d at 712-13.

9        3. <u>State Court Proceedings Provide Defendant with an Adequate Opportunity to Litigate</u>

10    <u>Federal Claims</u>

11        The United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") has

12    previously held that <u>Younger</u> abstention need not be denied on the grounds that a debtor-attorney

13    may possess a claim for relief under 11 U.S.C. § 525 so long as the debtor-attorney has ample

14    opportunity to litigate the federal claim in the context of a state bar disciplinary proceeding. <u>See</u>

15    <u>Franceschi v. State Bar of Ca. (In re Franceschi)</u>, 268 B.R. 219, 228 (9th Cir. BAP 2001), <u>aff'd</u>,

16    43 Fed. Appx 87 (9th Cir. 2002). In that case, Franceschi, a chapter 7 debtor-attorney, filed an

17    adversary complaint against the State Bar and its then-acting chief trial counsel seeking (1) a

18    determination that a post-petition disciplinary action against him relating to his failure to pay a

19    $31,000 sanction award violated his discharge injunction; (2) an injunction prohibiting

20    continuance of the disciplinary action; and (3) an award of costs and attorney fees. In response to

21    the State Bar's request that the bankruptcy court abstain pursuant to <u>Younger</u>, Franceschi argued

22    that he would not have an adequate opportunity to litigate a claim under 11 U.S.C. § 525 if

23    abstention were granted. In affirming the bankruptcy court's decision to abstain under the

24    <u>Younger</u> doctrine, the BAP stated:

25        The key question is whether Franceschi will have an opportunity to present his issue of
federal law—§ 525—in the state bar's disciplinary proceeding. It is plain that he will:

26        under California's State Bar Act, he has a statutory right to have an evidentiary hearing
before the State Bar Court at which he may, among other things, exercise "any right

27

- 7 -

1   guaranteed by the California Constitution or the United States Constitution" and
    otherwise defend himself with evidence and legal argument. Cal. Bus. & Prof.Code §
2   6085.  Moreover, he may have the action of the State Bar Court reviewed by the
    California Supreme Court. Id. § 6082.

3

4   Franceschi, 268 B.R. at 226.  In this case, Stanwyck had, and continues to have, ample

5   opportunity to litigate his claim of alleged discrimination in violation of 11 U.S.C. § 525 in the

6   ongoing state court proceeding for the reasons articulated in Franceschi.  Not only does

7   California's attorney disciplinary proceedings provide Stanwyck with sufficient opportunity to

8   raise a federal claim for Younger purposes, but the opportunity for judicial review of Stanwyck's

9   federal claim in the California courts satisfies the final requirement of Younger.  See, e.g., Ohio

10  Civil Rights Comm'n v. Dayton Christian Sch. Inc., 477 U.S. 619, 629 (1986); Hirsch, 67 F.3d at

11  713; Kenneally v. Lungren, 967 F.2d 329, 332 (9th Cir 1992).

12          4.  Plaintiff has Not Shown that "Extraordinary Circumstances" are Present

13          Finally, Stanwyck has failed to demonstrate that "extraordinary circumstances" prevent

14  the court from abstaining under Younger.  Given that all three elements mandating Younger

15  abstention are present and that extraordinary circumstances preventing the application of

16  Younger are absent, the court abstains from exercising jurisdiction over Stanwyck's Claims # 1

17  and 3 under the Younger doctrine.

18  D.      Permissive Abstention is Warranted Under 28 U.S.C. § 1334(c)(1) as to Stanwyck's
            Claims # 1 and 3

19          Bankruptcy courts are not prevented "in the interest of justice, or in the interest of comity

20  with State courts or respect for State law, from abstaining from hearing a particular proceeding

21  arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

22  The court may dismiss claims in abstention sua sponte.  See Christensen v. Tucson Estates, Inc.

23  (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990).  In determining whether to

24  abstain under 28 U.S.C. § 1334(c)(1), the court weighs the following non-exclusive factors:

25          1.      The effect or lack thereof on the efficient administration of the estate if the court

26                  recommends abstention: This factor weighs in favor of abstention.  This is a

27

1    chapter 7 case. Abstention regarding Stanwyck's claims against the State Bar

2    Defendants will have little, if any, effect on the administration of the estate

3    because the resolution of such claims will have no impact on the estate.

4    2.    <u>The extent to which state law issues predominate</u>: This factor favors abstention.

5    Stanwyck's Claim # 3 arises under non-bankruptcy law, involves non-debtor third

6    parties, and can be timely adjudicated in a pending state court proceeding.

7    Stanwyck's Claim # 1 is a federal claim for which he has an opportunity to litigate

8    in the pending state court proceeding.

9    3.    <u>The difficulty or unsettled nature of applicable law</u>: This factor is neutral.

10    4.    <u>The presence of a related proceeding commenced in state court or other non-</u>

11    <u>bankruptcy court</u>: This factor weighs heavily in favor of abstention. The attorney

12    disciplinary proceeding forming the basis of Stanwyck's complaint was pending

13    against Stanwyck when the complaint was filed in this adversary proceeding.

14    5.    <u>The jurisdictional basis, if any, other than 28 U.S.C. § 1334</u>: This factor weighs in

15    favor of abstention in that this court would have no jurisdiction over Claim # 3

16    absent 28 U.S.C. § 1334, and Stanwyck has ample opportunity litigate the merits

17    of Claim # 1 in the context of the pending state bar disciplinary proceeding.

18    6.    <u>The degree of relatedness or remoteness of the proceeding to the main bankruptcy</u>

19    <u>case</u>: This factor favors abstention because the claims against the State Bar

20    Defendants will not affect the assets of or claims against the bankruptcy estate

21    and, therefore, are not truly "related to" the bankruptcy case within the meaning of

22    28 U.S.C. § 1334.

23    7.    <u>The substance rather than the form of an asserted "core" proceeding</u>: This factor

24    favors abstention. Stanwyck's Claim # 3 against the State Bar Defendants is

25    clearly non-core.

26    8.    <u>The feasibility of severing the state law claims from the core bankruptcy matters</u>

27

- 9 -

1    to allow judgment to be entered in the state court with enforcement left to the

2    bankruptcy court: This factor tips in favor of abstention.  Abstention as to

3    Stanwyck's Claims # 1 and 3 does not prevent the court from adjudicating

4    Stanwyck's Claim # 2 based upon an alleged violation of the automatic stay.

5    9.    The burden on the bankruptcy court's docket: This factor is neutral.

6    10.   The likelihood that commencement of the action in bankruptcy court involves

7          forum shopping: This factor weighs in favor of abstention given Stanwyck's

8          request in his complaint that this court enjoin the State Bar Defendants from

9          continuing the disciplinary proceeding pending against Stanwyck and order that

10         Stanwyck be returned to active membership.

11   11.   The existence of the right to a jury trial:  Stanwyck seeks damages and a jury trial

12         on all claims set forth in the complaint.

13   12.   The presence in the action of non-debtor parties: This factor weighs in favor of

14         abstention.  All of the State Bar Defendants are non-debtor parties.

15   Id. at 1166-67.  Because the factors discussed above weigh heavily in favor of abstention, the

16   court will abstain from exercising jurisdiction over Claims # 1 and 3 set forth in Stanwyck's

17   complaint pursuant to 28 U.S.C. § 1334(c)(1).

18                              III. CONCLUSION

19        For the reasons stated, the court finds that Stanwyck's complaint fails to allege specific,

20   particularized facts that support a reasonable inference that Stanwyck has a plausible claim

21   against the State Bar Defendants for relief as to Claim # 2 in his complaint.  Therefore, the State

22   Bar Defendants' motion to dismiss Stanwyck's Claim # 2 under Rule 12(b)(6) will be granted

23   without leave to amend.  The court will abstain from exercising jurisdiction over Stanwyck's

24   remaining Claims # 1 and 3 under the Younger doctrine and 28 U.S.C. § 1334(c)(1).  Stanwyck's

25   Claims # 1 and 3 will be dismissed without prejudice.

26

27

                              - 10 -

1      A separate order will be entered consistent with this memorandum.

2 DATED: December 29, 2010

3                                      PETER H. CARROLL
                                     United States Bankruptcy Judge

| In re: | | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NUMBER: |

## NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I. below:** The United States trustee and case trustee (if any) will always be in this category.
**4) Category II. below:** List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed
an opposition to the requested relief.  DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)   MEMORANDUM DECISION RE: DEFENDANTS'
MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED  was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the
manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and
Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to
the judgment or order.  As of  01/04/11  , the following person(s) are currently on the Electronic Mail Notice List for this
bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Kevin W Coleman    kcoleman@schnader.com, mchavez@schnader.com
- Jerry Namba (TR)    jnambaepiq@earthlink.net, jnamba@ecf.epiqsystems.com
- Joseph Orzano    jorzano@schnader.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by
United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Edith R Matthai
Robbie & Matthai
500 S Grand Ave
Ste 1500
Los Angeles, CA 90071-2609

Steven Jay Stanwyck
225 Montana Ave #103
Santa Monica, CA 90403

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears
an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S.
Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s)
and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                   **F 9021-1.1**